**ORAL ARGUMENT NOT SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| SIERRA CLUB<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*<br><br>*Respondents*. | Case No. 25-1081 |

**UNOPPOSED MOTION TO CONTINUE ABEYANCE**

Respondent United States Environmental Protection Agency and Administrator Lee M. Zeldin ("EPA") respectfully move the Court to continue the abeyance in this matter for 90 days, with motions to govern due at the end of that period. EPA reserves the right to seek to further extend the abeyance. Petitioner Sierra Club does not oppose the relief requested in this motion, however, it reserves the right to oppose further abeyance.

1. This petition challenges a final rule entitled "National Emission Standards for Hazardous Air Pollutants: National Perchloroethylene Air Emission Standards for Dry Cleaning Facilities Technology Review." *See* 90 Fed. Reg. 1041 (Jan. 7, 2025) (the "Perchloroethylene Technology Review Rule").

1

2. The Perchloroethylene Technology Review Rule explained that EPA finalized no changes to the National Emission Standards for Hazardous Air Pollutants for perchloroethylene under the Clean Air Act because a separate rule promulgated under the Toxic Substances Control Act phases out perchloroethylene over 10 years. 90 Fed. Reg. at 1045 (citing Perchloroethylene (PCE); Regulation Under the Toxic Substances Control Act (TSCA), 89 Fed. Reg. 103560 (Dec. 18, 2024) (the "Perchloroethylene Risk Management Rule")). Multiple petitions for review challenging the Toxic Substances Control Act rule were consolidated in the U.S. Court of Appeals for the Fifth Circuit. *See FabriClean Supply v. EPA*, Case No. 25-6006 (5th Cir.).

3. On May 12, 2025, EPA announced that it will reconsider the Perchloroethylene Risk Management Rule through notice-and-comment rulemaking, which the Agency anticipates will take 12 to 18 months.

4. EPA's reconsideration of the Perchloroethylene Risk Management Rule could impact the Perchloroethylene Technology Review Rule.

5. On June 17, 2025, the Court granted EPA's unopposed motion to hold this case in abeyance. Doc. No. 2121129.

6. On September 12, 2025, the Fifth Circuit extended the abeyance in the petition for review of the Perchloroethylene Risk Management Rule by 90 days. *FabriClean Supply*, No. 25-6006, Doc. No. 83-2. The Fifth Circuit also ordered

2

EPA to file by November 19, 2025, a letter specifying EPA's plans, if any, for issuing a new rule. *Id.*

7. Accordingly, the Court should continue the abeyance in this case for an additional 90 days.

8. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

9. Abeyance would preserve resources of the parties and the Court. It is possible that EPA's reconsideration of the Perchloroethylene Risk Management Rule will obviate the need for judicial resolution of the instant petition for review. Good cause thus exists for the requested abeyance. *Cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

10. For these reasons, the Court should continue the abeyance in this case for 90 days, with motions to govern due at the end of the period. EPA reserves the right to seek to further extend the abeyance, and Sierra Club reserves the right to oppose such a request.

                                                Respectfully submitted,

                                                ADAM R.F. GUSTAFSON
                                                  *Acting Assistant Attorney General*

| *Of Counsel:* |   *s/ Laura J. Glickman* |
|---|---|
|   ERIKA GERSTENBERGER |   LAURA J. GLICKMAN |
|   Office of the General Counsel |   Environmental Defense Section |
|   U.S. Environmental Protection Agency |   Environment and Natural Resources Division |
|   Washington, D.C. |   U.S. Department of Justice |
| |   P.O. Box 7611 |
| |   Washington, D.C. 20044 |
| |   (202) 514-6390 |
| September 16, 2025 |   laura.glickman@usdoj.gov |

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g)(1) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 536 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*s/ Laura J. Glickman*
LAURA J. GLICKMAN

# **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25(d) and D.C. Circuit Rule 25(a), I hereby certify that I have this day caused the foregoing Unopposed Motion to Continue Abeyance to be delivered electronically through CM/ECF on all ECF registered counsel of record.

Date: September 16, 2025

Respectfully submitted,

/s/ *Laura J. Glickman*
Laura J. Glickman
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20004
(202) 514-6390 (telephone)
Laura.Glickman@usdoj.gov

*Counsel for Respondents*